MURDOCK, Justice,
(dissenting).
I respectfully dissent.
The main opinion notes that the general rule is that questions of “arbitrability” are to be decided by the court, not the arbitrator. 197 So.3d at 974-75 (quoting Anderton v. Practice-Monroeville,, P.C., 164 So.3d 1094, 1098 (Ala.2014)). Such questions are to be decided by the arbitrator' only when the parties have “clearly and unmistakably” so agreed. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995).
The Federal Insurance Company policy underlying this dispute contains the following provision:' “If the parties cannot resolve the dispute by non-binding mediation, the parties shall submit the dispute to binding arbitration pursuant to the then-prevailing commercial arbitration rules of the American Arbitration Association,” i.e., the Commercial Rules of the American Arbitration Association (“the AAA”). Following this provision is a statement describing agreed-upon .variations from the particular procedures that would otherwise be prescribed by the AAA rules for the selection of the arbitrators.
In my view, the aforesaid language referencing the use of the AAA’s rules of procedure is sufficient to prescribe the rules of procedure to be used when a matter otherwise falls within the categories of disputes the parties have agreed to arbitrate.. (As set out in an earlier provision in the policy, those categories are disputes “based upon, arising from, or in consequence of any actual or alleged [insurance] coverage under this coverage section, .or the validity, termination or breach of this coverage section.”). I cannot agree, *980 however, that this reference to the use of AAA rules of procedure rises to the level of a “clear and unmistakable” agreement that the issue of arbitrability is to be one of those categories.[4]
It might be argued that the foregoing analysis is not applicable to the issue of waiver referenced in the main opinion because “waiver” was identified in Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002), as an issue “Procedural arbitrability” as to which the aforesaid general rule regarding who decides, matters of “arbitrability” would .not apply in the first place.[5] In *981 point of fact, however, this Court and some other courts have concluded that Hawsarn did not intend to disturb the traditional rule that the issue whether a party has waived the right to arbitration by its conduct during litigation is a substantive question of arbitrability for the court and not the arbitrator. See Ocwen Loan Servicing, LLC v. Washington, 939 So.2d 6, 12-14 (Ala.2006) (thoroughly discussing the issue of waiver). Furthermore, the general rule is without question applicable to the substantive-arbitrability signatory issue in the present case. Accordingly, I must dissent.
PARKER, J., concurs.

. I concurred in Ex parte Johnson, 993 So.2d 875 (Ala.2008), in which this Court found a reference to AAA rules of procedure to be sufficient to assign issues of arbitrability to the arbitrator. The underlying arbitrability , issue in that case, however, was whether class arbitration was appropriate, a question that at the time had been deemed to be one of "procedural arbitrability” by a plurality of the Court in Green Tree Financial Corp. v. Bazzle, 539 U.S. 444, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003). Matters of "procedural arbitra-bility,” as discussed in' note 5 infra, are not the. type of "gateway” or “substantive” arbi-trability questions to which the general rule that, absent a "clear and unmistakable” agreement, the courts decide "arbitrabililty" • questions actually applies. In addition, apart from any reference to the AAA rules, language in one of the contracts at issue in Johnson directly and explicitly stated that the issue of arbitrability would be decided by the arbitrator.
Since this Court issued its opinion in Johnson, federal courts have indicated that the issue of class certification is more properly considered a matter of substantive arbitrability. See, e.g., Reed Elsevier, Inc, v. Crockett, 734 F.3d 594, 598 (6th Cir.2013) (observing that in Oxford Health Plans LLC v. Sutter, — U.S. -, - n. 2, 133 S.Ct. 2064, 2068 n. 2 (2013), and Stolt-Nielsen v. AnimalFeeds International Corp., 559 U.S. 662, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010), the Supreme Court itself took care to note the plurality nature of the opinion in Bazzle and concluding that "recently the [Supreme] Court has given every indication, short of an outright holding, that classwide arbitrability is a gateway question [for the courts] rather than a subsidiary one [for the arbitrator].”). Based on this development in the law (with which I agree), as well as what I believe now to be a better understanding of applicable legal principles regarding what is necessary for the parties to assign an issue of "substantive arbi-trability” to an arbitrator, I could not repeat my Johnson vote today.

. In Howsam, the United States Supreme Court explained that the "general rule” discussed above and the issue of "arbitrability” to which it relates are concerned with what might be called “substantive arbitrability” issues, rather than questions of "procedural arbitrability.” The Court explained:
"Linguistically speaking, one might call any potentially dispositive gateway question a 'question of arbitrability,' for its answer will determine whether the underlying controversy will proceed to arbitration on the merits. The Court’s case law, however, makes clear that, for purposes of applying the interpretive rule, the phrase ‘question of arbitrability' has a far more limited scope. See 514 U.S. at 942, 115 S.Ct. 1920.. The Court has found the phrase applicable in the kind of narrow circumstance where contracting parties would likely have expected a court to have decided the gateway matter, where they are not likely to have thought that they had agreed that an arbitrator would do so, and, consequently, where reference of the gateway dispute1 to the court avoids the risk of forcing parties to arbitrate a matter that they may well not have agreed to arbitrate.
"Thus, a gateway dispute about whether the parties are bound by a given arbitration clause raises a 'question of arbitrability’ for a court to decide. See id. at 943-946 (holding that a court should decide whether the arbitration contract bound parties who'did not sign the agreement); John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 546-547 (1964) (holding that a court should decide whether an arbitration agreement survived a corporate merger and bound the resulting corporation). Similarly, a disagreement about whether an arbitration clause in a concededly binding contract applies to a particular type of controversy is for the court. See, e.g,, AT & T Technologies,[ Inc. *981 v. Communcations Workers of America, 475 U.S. 643,] 651-652 [ (1986) ] (holding that a court should decide whether a labor-management layoff controversy falls within the arbitration clause of a collective-bargaining agreement); Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241-243 (1962) (holding that a court should decide whether a clause providing for arbitration of various ‘grievances’ covers claims for damages for breach of a no-strike agreement).
"At the same time the Court has found the phrase 'question of arbitrability' not applicable in other kinds of general circumstance where parties would likely expect that an arbitrator would decide the gateway matter. Thus ‘ "procedural" questions which grow out of the.dispute and bear on its final disposition’ are presumptively not for the judge, but for an arbitrator, to decide. John Wiley, supra, at 557 (holding that an arbitrator should decide whether the first two steps of a grievance procedure were completed, where these steps are prerequisites to arbitration). So, too, the presumption is that the arbitrator should decide ‘allegationfs] of waiver, delay, or a like defense to arbitrability.’ Moses H. Cone Memorial Hospital[v. Mercury Constr. Corp., 460 U.S. 1,] 24-25[ (1982) ].”
537 U.S. at 83-84 (final emphasis added), See generally Anderton, 164 So.3d at 1104 n. 4 (Murdock, J., dissenting).